## McADAMS *et al. v.* BOYER *et al.*

### (*Circuit Court, S. D. New York.* October 15, 1888.)

CORPORATIONS—MEMBERS AND STOCKHOLDERS—EVIDENCE—SUFFICIENCY—FICTITIOUS CORPORATION.

On a libel for the amount due under a charter-party from an alleged corporation, it appeared that the respondents served, who were engaged in the lighterage business, had taken a lease in their own names, from the proprietor of a disinfecting apparatus, of an office for the representative of the alleged corporation, and charged the money expended therefor, and also expenses for stationery to be used in connection with the office, partly to the corporation and partly to its representative. One of the libelants testified that respondents admitted that they were connected with the corporation, but this respondents denied, and testified that they took the lease relying on the agents' representations that they would increase their lighterage business by procuring transportation of the disinfecting apparatus. *Held,* that the finding of the district court that they were not members of the corporation would not be disturbed.

In Admiralty. On appeal from district court.

Libel by John McAdams and others, of the firm of John McAdams & Sons, against Frank W. Boyer, Charles H. Boyer, and others to recover the amount due under a charter-party, whereby the steam-boat Florence was chartered by libelants to the Eastern Dispatch Transportation Company, in the name of John H. Martin. Libelants claimed that respondents were identified in interest with the corporation, and introduced evidence of entries in the books of respondents Boyer, charging money partly to Martin, and partly to the corporation which he represented. They showed also that respondents Boyer leased an office for Martin in their own names, and furnished him stationery. Respondents were engaged in the lighterage business, and explained these transactions by showing that Martin made representations to them that by renting an office for him from one Pollock, who was the proprietor of a disinfecting apparatus, they would be able to supply him with lighters for the transportation of its appliances, and that by reason of these representations they took the lease for the office and furnished the stationery. One of the libelants testified that respondents Boyer admitted to them that they were interested in the corporation, and this was denied by respondents. In the district court Judge BROWN delivered the opinion, as follows:

"Only the defendants Boyer were served with process, and the defense is that they were *not members of the company.*

"The evidence shows that the incorporation was intended to be formed under the laws of New Jersey under the name of The Eastern Dispatch Transportation Company.

"Not long before the execution of this charter a certificate thereof stating the incorporation was filed in the county clerk's office, but no such certificate was filed in the office of the department of state, as was required by law, to complete the incorporation of the company. The defendants Boyer are not named in the certificate filed in the county clerk's office. The other defendants were named, including Martin.

"If the Boyers were interested in the company, taking part as intended proprietors in its business, and intended to be interested in any profits that might accrue from it, they would doubtless be held liable in this action.

"The evidence on the libelants' part consists mainly of some circumstances showing dealings between Martin and the Boyers, which, it is claimed, are sufficient to show a proprietary interest in the latter. These circumstances, however, are comparatively trifling.

"The entire management of the business of the company was in the hands of Martin, who, through fair promises, and holding out to the Boyers expectations of very important increase in their lighterage business, in negotiations wholly independent of the dispatch company, induced them to become security for his office, which, through the landlord's urgency, was done by their taking a lease of office room in their own names for his benefit. This, with other circumstances in the loan of some moneys, was doubtless calculated to create a strong suspicion at least of their interest with him in the transportation business, which, upon full consideration of the facts, I am satisfied did not exist. All the circumstances relied on by the libelants do not lead beyond suspicion or surmise.

"The particular features of the case give no support to the theory that the Boyers had any pecuniary interest in the transportation company, or that it was designed to be carried on for their benefit. Martin turned out to be a visionary and unstable character, upon whom no dependence whatever could be placed, and he disappeared before suit.

"The libelants made no inquiry regarding Martin before the execution of the charter-party, nor till after default in payment.

"There is no element of misrepresentation or estoppel to the case. The evidence is, in my judgment, insufficient to hold the Boyers in this action, and the libel must therefore be dismissed, but without costs."

Whereupon libelants appeal.

*George B. Adams*, for appellants.

*Chas. E. Crowell*, for appellees.

LACOMBE, J. If the entries in the books of the firm of Boyer Bros. were before the court without explanation, they would seem to show that the "Eastern Dispatch Transportation Company"—concededly a myth—was in fact the firm itself. The respondents, however, have given a plausible explanation of these entries. Such explanation is not inconsistent with the theory of the defense, and will harmonize with the respondents' personal testimony. Between the Boyers and the libelant, who was called as a witness, there is a direct conflict of testimony. The entries in the books will not suffice as a crucial test of the relative veracity of these opposing witnesses, for the reason above stated. Upon the case as it stands, therefore, I am inclined to follow the district judge, who saw both witnesses, and believed the testimony of the respondents, rather than that of the libelant. The additional testimony taken in this court has not materially changed the case. The decree of the district court is affirmed, with costs.